IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN A. TREJO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| COURTNEY HOLBROOK, QUAIL | § | |
| RUN CONDOMINIUM ASSOCIATION | § | |
| AND QUAIL RUN CONDOMINIUM | § | |
| ASSOCIATION, INC. | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Now come Defendants Quail Run Condominium Association ("Quail Run") and Principal Management Group, Inc. ("PMG") and file this Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 and would respectfully show the Court as follows:

1.      On February 11, 2011, Plaintiff commenced this action against Quail Run Condominium Association in the District Court of Dallas County, Texas, 44th Judicial District. The case was assigned number 11-01390-B.

2.      On February 15, 2011, Quail Run was served with a summons and a copy of Plaintiff's Original Petition.

3.      On March 4, 2011, Quail Run filed is Original Answer, Special Exceptions, Plea in Abatement, and Original Counterclaim.

4.      On September 20, 2011, Plaintiff filed her First Amended Original Petition and added PMG as a party. In her Amended Petition, Plaintiff alleges that she was discriminated against on the basis of race, color and national origin "in violation of . . . Title 42 U.S.C. sections

1981, 1982, and 1983 of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, respectively." These claims arise under the laws of the United States, and this Court has original jurisdiction over the suit pursuant to 28 U.S.C. § 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441(a). Therefore, this entire matter may be removed, and this Court may determine all issues herein. 28 U.S.C. § 1441(c).

     5.     Quail Run's counsel received the service copy of Plaintiff's Amended Petition on September 22, 2011. PMG's registered agent for service of process was served with a copy of the Amended Petition on September 28, 2011. Defendant Courtney Holbrook has not been served with process in Cause No. 11-01390-B. This Notice of Removal has been filed within 30 days of September 22, 2011, and is therefore timely under 28 U.S.C. § 1446(b).

     6.     Venue is proper in this Court, as this Court is the district and division embracing the place in which the state court action was pending.

     7.     True and correct copies of all process, pleadings, and orders for Cause No. 11-01390-B on file with the Clerk of the 44th Judicial District Court of Dallas County, Texas, are attached hereto as Exhibit "A" and incorporated herein, including a copy of Principal Management Group's Original Answer to Plaintiff's First Amended Petition that was filed with the 44th Judicial District Court of Dallas County, Texas after Defendants had already requested and received a copy of the docket sheet. A certified copy of the docket sheet for Cause No. 11-01390-B in the 44th Judicial District Court of Dallas County, Texas is attached at Tab 1 to Exhibit "A".[1]

---

[1] Included in the docket sheet are two documents, including Plaintiff's Motion for Substitute Service and an Affidavit in Support of Motion for Substitute Service that have not been made available by the Clerk of the 44th Judicial District Court of Dallas County, Texas, and, therefore, are not included in the copy of the record at this time. A supplemental copy of the record will be filed by Defendants once these additional documents are made available to Defendants.

8.     Written notice of the removal of this action is being filed with the clerk of the state district court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Quail Run Condominium Association and Principal Management Group, Inc. pray that this action be removed from the 44th Judicial District Court, Dallas County, Texas, to this Court. Defendants further pray for such other and further relief to which they may be justly entitled.

Respectfully submitted,

By: /s/ Sarah D. Mitchell_____
    Ashley Scheer
    State Bar No. 00784320
    Sarah Mitchell
    State Bar No. 24045792
    **JACKSON WALKER L.L.P.**
    901 Main Street
    Suite 6000
    Dallas, Texas 75202
    Tel.  (972) 953-6000
    Fax  (214) 661-6691

**ATTORNEYS FOR DEFENDANTS**
**QUAIL RUN CONDOMINIUM**
**ASSOCIATION AND PRINCIPAL**
**MANAGEMENT GROUP**

## CERTIFICATE OF SERVICE

This is to certify that on October 21, 2011, a true and correct copy of the foregoing instrument was served via certified mail, return receipt requested, upon:

Vernon L. Witherspoon
LAW OFFICES OF VERNON L. WITHERSPOON
101 N. MacArthur Blvd.
Irving, Texas  75061

*/s/ Sarah D. Mitchell*_____
Sarah Mitchell

# EXHIBIT
# A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUSAN A. TREJO, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| COURTNEY HOLBROOK, QUAIL | § |
| RUN CONDOMINIUM ASSOCIATION | § |
| AND QUAIL RUN CONDOMINIUM | § |
| ASSOCIATION, INC. | § |
| | § |
| Defendants. | § |

Civil Action No. _____

**INDEX OF DOCUMENTS FROM STATE CASE**
*SUSAN A. TREJO v. COURTNEY HOLBROOK, QUAIL RUN CONDOMINIUM*
*ASSOCIATION and QUAIL RUN CONDOMINIUM ASSOCIATION, INC.*
**CAUSE NO. DC-11-01390,**
**IN THE 44TH JUDICIAL DISTRICT, DALLAS COUNTY, TEXAS**

| | | |
|---|---|---|
| 1. | Certified Docket Sheet | 10/20/2011 |
| 2. | Plaintiff's Original Petition | 02/11/2011 |
| 3. | Citation/Return of Citation/Quail Run | 02/11/2011 |
| 4. | Civil Case Information Sheet | 02/11/2011 |
| 5. | Defendant Quail Run Condominium Association's Original Answer, Special Exceptions, Plea in Abatement, and Original Counterclaim | 03/04/2011 |
| 6. | Defendant Quail Run Condominium Association's Notice of Current Address | 03/04/2011 |
| 7. | Unopposed Motion for Substitution of Counsel | 06/17/2011 |
| 8. | Correspondence – Vacation Letter | 06/27/2011 |
| 9. | Certificate of Conference on Defendant Quail Run Condominium Association's | 08/02/2011 |

Special Exceptions

| | | |
|---|---|---|
| 10. | Notice of Hearing/Special Exceptions | 08/10/2011 |
| 11. | Amended Notice of Hearing/Special Exceptions | 08/29/2011 |
| 12. | Plaintiff's First Amended Original Petition | 09/20/2011 |
| 13. | Citation/Return of Citation/ Principal Management Group | 09/26/2011 |
| 14. | Plaintiff's Motion for Substitute Service | 10/20/2011 |
| 15. | Affidavit in Support of Motion for Substitute Service | 10/20/2011 |
| 16. | Defendant Principal Management Group's Original Answer to Plaintiff's First Amended Petition | 10/21/2011 |

# EXHIBIT
# 1

# CASE SUMMARY
## CASE NO. DC-11-01390

| | | |
|---|---|---|
| **SUSAN TREJO** | § | Location: **44th District Court** |
| vs. | § | Judicial Officer: **CORTEZ, CARLOS** |
| **COURTNEY HOLBROOK, et al** | § | Filed on: **02/11/2011** |
| | § | |

---

### CASE INFORMATION

Case Type: **OTHER PERSONAL INJURY**
Subtype: **OTHER PERSONAL INJURY**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **TREJO, SUSAN A** | **WITHERSPOON, VERNON LEE** |
| | | *Retained* |
| | | 972-254-3148(W) |
| | | |
| **DEFENDANT** | **HOLBROOK, COURTNEY** | |
| | **PRINCIPAL MANAGEMENT GROUP** | |
| | **QUAIL RUN CONDOMINIUM ASSOCIATION** | • **SURRATT, DAVID ALFRED** |
| | | *Retained* |
| | | 214-760-6766(W) |
| | **QUAIL RUN CONDOMINIUM ASSOCIATION INC** | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 02/11/2011 | ORIGINAL PETITION (OCA) | |
| 02/11/2011 | ISSUE CITATION | |
| 02/11/2011 | **CITATION**<br>HOLBROOK, COURTNEY<br>Unserved<br>QUAIL RUN CONDOMINIUM ASSOCIATION<br>Served: 02/15/2011<br>*2 CITS ATTY RR* | |
| 02/11/2011 | CASE FILING COVER SHEET | |
| 03/04/2011 | COUNTER CLAIM | |
| 03/04/2011 | NOTICE OF CHANGE OF ADDRESS<br>*THE DEF/QUAIL RUN* | |
| 03/07/2011 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party: DEFENDANT QUAIL RUN CONDOMINIUM ASSOCIATION<br>*& SPEC EXCEPT* | |
| 06/17/2011 | MOTION - SUBSTITUTION OF COUNSEL<br>Party: PLAINTIFF TREJO, SUSAN A | |
| 06/27/2011 | CORRESPONDENCE - LETTER TO FILE<br>*NON-PTY/VACATION LTR - SARAH DOBSON MITCHELL* | |
| 08/02/2011 | CERTIFICATE OF CONFERENCE | |
| 08/10/2011 | NOTICE OF HEARING / FIAT<br>*SPECIAL EXCEPTION* | |

# CASE SUMMARY
## CASE NO. DC-11-01390

| | |
|---|---|
| 08/12/2011 | ISSUE CITATION |
| 08/12/2011 | **CITATION**<br>HOLBROOK, COURTNEY<br>Unserved |
| 08/29/2011 | NOTICE OF HEARING / FIAT<br>*AMENDED* |
| 09/14/2011 | *CANCELED* **Special Exceptions** (9:00 AM)  (Judicial Officer: SNELSON, TERESA GUERRA)<br>*REQUESTED BY ATTORNEY/PRO SE* |
| 09/20/2011 | ISSUE CITATION |
| 09/20/2011 | AMENDED PETITION<br>Party:  PLAINTIFF  TREJO, SUSAN A<br>*1ST* |
| 09/23/2011 | ISSUE CITATION |
| 09/26/2011 | **CITATION**<br>PRINCIPAL MANAGEMENT GROUP<br>Served: 09/28/2011 |
| 10/20/2011 | MOTION - SUBSTITUE SERVICE<br>Party:  PLAINTIFF  TREJO, SUSAN A |
| 10/20/2011 | AFFIDAVIT<br>Party:  PLAINTIFF  TREJO, SUSAN A<br>*SUPPORT SUBSTITUTE SERVICE* |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **DEFENDANT**  QUAIL RUN CONDOMINIUM ASSOCIATION | | |
| | Total Charges | | 30.00 |
| | Total Payments and Credits | | 30.00 |
| | **Balance Due as of 10/20/2011** | | **0.00** |
| 03/04/2011 | Charge | DEFENDANT QUAIL RUN<br>CONDOMINIUM ASSOCIATION | 30.00 |
| 03/04/2011 | PAYMENT     Receipt # 14897-2011-DCLK<br>(CASE FEES) | DEFENDANT QUAIL RUN<br>CONDOMINIUM ASSOCIATION | (30.00) |
| | **PLAINTIFF**  TREJO, SUSAN A | | |
| | Total Charges | | 287.00 |
| | Total Payments and Credits | | 287.00 |
| | **Balance Due as of 10/20/2011** | | **0.00** |
| 02/11/2011 | Charge | PLAINTIFF TREJO, SUSAN A | 247.00 |
| 02/11/2011 | Charge | PLAINTIFF TREJO, SUSAN A | 16.00 |
| 02/11/2011 | PAYMENT     Receipt # 9661-2011-DCLK<br>(CASE FEES) | PLAINTIFF TREJO, SUSAN A | (263.00) |
| 08/12/2011 | Charge | PLAINTIFF TREJO, SUSAN A | 8.00 |
| 08/12/2011 | PAYMENT     Receipt # 49391-2011-DCLK<br>(CASE FEES) | PLAINTIFF TREJO, SUSAN A | (8.00) |
| 09/20/2011 | Charge | PLAINTIFF TREJO, SUSAN A | 8.00 |
| 09/20/2011 | PAYMENT     Receipt # 58020-2011-DCLK<br>(CASE FEES) | PLAINTIFF TREJO, SUSAN A | (8.00) |
| 09/23/2011 | Charge | PLAINTIFF TREJO, SUSAN A | 8.00 |
| 09/23/2011 | PAYMENT     Receipt # 59006-2011-DCLK<br>(CASE FEES) | PLAINTIFF TREJO, SUSAN A | (8.00) |

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-11-01390

STATE OF TEXAS }
COUNTY OF DALLAS }

GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
and it is true and correct copy of the original as appears on
record in my office.

GIVEN UNDER my hand and seal of said Court, at office
Dallas, Texas, this ___ day of October A.D. 2011

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____ Deputy

# EXHIBIT
# 2

NO. 1(-01390

**ORIGINAL**

FILE

| | | |
|---|---|---|
| SUSAN A. TREJO<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § 44th-D | |
| V. | § | ___ JUDICIAL DISTRICT |
| | § | |
| ⁴COURTNEY HOLBROOK, QUAIL<br>RUN CONDOMINIUM ASSOCIATION<br>AND QUAIL RUN CONDOMINIUM<br>ASSOCIATION, INC.<br>Defendants. | § | |
| | § | OF DALLAS COUNTY, TEXAS |

11 FEB 11 AM

GARY FITZSIMM
DISTRICT CLER
DALLAS CO.. TE.

SANDRA LANTZ-D

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES SUSAN A. TREJO, hereinafter called Plaintiff, complaining of and about COURTNEY HOLBROOK, hereinafter more specifically and indiviually referred to as "Defendant Holbrook", QUAIL RUN CONDOMINIUM ASSOCIATION, hereinafter more specifically and individually referred to as "HOA", and/or QUAIL RUN CONDOMINIUM ASSOCIATION, INC., hereinafter more specifically and individually referred to as "Quail Run", and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, SUSAN A. TREJO, is an Individual whose address is 4533 N. O'CONNOR #1208, IRVING, Texas 75062.

3.      The last three digits of the driver's license number of SUSAN A. TREJO are 380. The last three digits of the social security number for SUSAN A. TREJO are 112.

4.      Defendant COURTNEY HOLBROOK, an Individual who is a resident of Texas, may be served with process at her home at the following address: 4533 N. O'Conner, #2208, Irving, Texas 75061. Service of said Defendant as described above can be effected by personal delivery.

· 5.      Defendant QUAIL RUN CONDOMINIUM ASSOCIATION, a Home Owners

Plaintiff's Original Petition - page 1

Association organized and chartered from the State of Texas, may be served with process by serving David Williams, President of said a Condominium Home Owners Association, at 4601 N. O'Conner, Irving, Texas 75062 or by serving its registered agent, Principal Management Group, 12700 Park Central Drive, Suite 600, Dallas, Texas 75251. Service of said Defendant as described above can be effected by personal delivery.

6. Defendant QUAIL RUN CONDOMINIUM ASSOCIATION, INC., a Limited Liability Company based in Texas, may be served with process by serving the registered agent of said company, Principal Management Group, 12700 Park Central Drive, Suite 600, Dallas, Texas 75251, or manager, James Harris, at 4575 N. O'Conner Road, Irving, Texas 75062. Service of said Defendant as described above can be effected by personal delivery. Quail Run hired, delegated its authority to, and has employed during all times material an agent, same being Principal Management Group, who supplies the onsite manager for enforcement of the rules and bylaws for the condominium properties as provided in the declaration and bylaws.

**JURISDICTION AND VENUE**

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. This court has personal jurisdiction herein because Defendants are Texas residents.

9. Venue in Dallas County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code under Section of the Texas Civil Practice and Remedies Code because .

**FACTS**

10. Defendant Holbrook, owner of unit #2208 which is located immediately above Plaintiff's unit, changed and modified her unit in violation of the rules of the declaration and bylaws, which change and alteration and/or modification of the her unit was done without prior written approval by the Homeowners Association (hereinafter referred to as "HOA") mentioned herein as required. This alteration was done with full knowledge of Defendant Holbrook in violation of the Quail Run Condominiums Declaration and Master Deed dated August 25, 1983 and recorded in

Plaintiff's Original Petition - page 2

Dallas County, Texas in Volume 63168, Page 0260, in the Condominium Records thereof, and Article IX, section 9.10. This section specifically prohibits alterations to the flooring due to affects of sound transmissions from a unit located above another unit. This change gives rise to several of the damages and injuries complained of by Plaintiff.

11.     During the alteration process by Defendant Holbrook, Defendant Quail Run became aware of the violations undertaken by Defendant Holbrook by and through its managing agent, Principal Management Group and in particular its manager Vivian Rodriguez, the property manager of the Principal Management Group at the time, after maintenance staff had entered the condominium. They went into the unit during the remodeling of the unit during April, 2009, but took no action to prohibit the construction and alteration by Defendant Holbrook. Thereafter, Defendant Holbrook was notified in January, 2010 by manager James Harris that the floor would have to be removed, but later accepted her alterations with only minor changes. The wood flooring was not removed or required to be removed by Defendant HOA or Defendant Quail Run.

12.     The modification of the unit involved changes to the flooring structure between Plaintiff's ceiling and the floor of Defendant Holbrook's unit above her. More particularly, the alteration involved removal of the carpet and padding from the floor and replacement of wood flooring in its place. Plaintiff would show the Court that the changes and alterations have greatly changed and magnified the sound transmissions from the unit above into the Plaintiff's unit and greatly affected her quiet enjoyment and use of her unit.

13.     Plaintiff made complaint to Defendant Quail Run, by and through the property manager, and the Defendant HOA when she realized the violations had occurred. Plaintiff was aware of the prior owner and another upstairs owner who had requested to make similar changes of their flooring to wood flooring in their units and were denied due to the circumstances of noise transmission and the rules in the declaration and master deed to the property. Neither Defendant Quail Run or Defendant HOA took any action against Defendant Holbrook to enforce the rules to

remove and replace the flooring back to its original structure and flooring and have acted to allow this violation to continue and remain.

14.     Plaintiff is member of the Defendant HOA and pays $313.00 per month as homeowners dues to the Defendant HOA for the protection of her rights and its management of the property and enforcement of the declaration, bylaws, and rules associated therewith·which are designed to protect her property interests from encroachment or nuisances or other elements intervening and injuring those rights and value of her property. Plaintiff purchased her unit and was required by Defendant Quail Run to sign paperwork that she would abide by the declaration and master deed restrictions and in particular would not modify or alter her unit without first receiving approval from Defendant HOA that she was in compliance with the declaration and master deed. Likewise, Plaintiff relied upon this protection in purchasing her property and that this would be strictly enforced and that she would not be discriminated against in the enforcement thereof.

15.     Plaintiff over the last year has repeatedly given notice to the Defendant HOA and Defendant Quail Run, by and through its property manager, of her request for remedy and enforcement of the declaration and master deed rules and the violations of the alterations made by Defendant Holbrook to her unit immediately above her unit. Defendant HOA has taken no action and now has informed her that they will take no action on the violations by Defendant Holbrook, which materially affects her right of enjoyment and use of her unit as it was represented and intended. This along with other actions by the Defendant HOA have discriminated against Plaintiff in the enforcement of the rules under which she purchased her property and relied upon fair enforcement thereof to protect her property investment therein. Plaintiff has confirmed that two upstairs owners of units in the condominiums who were denied the right to make alterations were minorities as is the Plaintiff.

## NEGLIGENT MISREPRESENTATION

16.     Plaintiff would show that Defendants HOA and Quail Run supplied false information in the course of their business, profession or employment, or in the course of a transaction in which

Plaintiff's Original Petition - page 4

Defendants HOA and Quail Run have a pecuniary interest, and that such information was supplied by both of these Defendants for the guidance of Plaintiff in the transactions described hereinabove, including, but not limited to, the purchase of her property. These Defendants further failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information. In particular, Plaintiff would not have purchased her unit in this condominium association if she had known that this type of violation and discriminatory enforcement would have existed and would occur.

17.     Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

### NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT

18.     Plaintiff would show that Defendants HOA and Quail Run owed a duty to clients and customers, or in this case to property owners, including Plaintiff, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of their employees.

19.     Plaintiff would further show that Defendants HOA and Quail Run failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise their personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees. These conditions created an environment in which misrepresentations to clients and customers, and in particular to unit owners purchasing condominiums from Defendants, were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

## BREACH OF CONTRACT

20.     Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, as to Defendant Holbrook in her violation of the declaration and master deed rules and restrictions, and as to Defendants HOA and Quail Run in the creation of the declaration and master deed rules and restrictions which they are empowered to enforce and use for marketing and selling its property, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## AGENCY

21.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of HOA and Quail Run, Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants, namely those acts a part hereof by Principal Management Company and Vivian Rodriguez and/or James Harris, property managers.

22.     Said Defendants are therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

23.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee or agent of Defendant HOA and Defendant Quail Run, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee and/or agent was employed.

24.     Defendants HOA and Quail Run are therefore liable to Plaintiff for the acts and/or omissions of any such employee or agent complained of herein under the doctrine of respondeat superior.

25.     Additionally, this shall include acts by Defendant HOA for and as agent for Defendant Quail Run by and through its declaration and master deed and its bylaws creating any such agency.

Plaintiff's Original Petition - page 6

## DISCRIMINATION

26.     Defendants HOA and Quail Run have breached the rules and purposes and design of its own declaration and master deed and bylaws by refusing to enforce them evenly throughout the condominiums which they control and with actions which are discriminatory to the various unit owners, allowing some to violate and others to be prohibited. This action is a violation of these rules and the laws of the State of Texas and the Uniform Condominium Act. Additionally, as discrimination in enforcement involving housing, which the present situation involves, there are additional statutes involved for which Plaintiff may plead more specifically later.

## ACTUAL DAMAGES

27.     Plaintiff sustained the following actual damages as a result of the actions and/or omissions of Defendants, jointly and singularly, described hereinabove:

        (a)     Out-of-pocket expenses.

        (b)     Loss of use.

        (c)     Loss of the "benefit of the bargain."

        (d)     Diminished or reduced market value.

        (e)     Costs of repairs.

        (f)     Reasonable expenses of temporary housing.

## DAMAGES FOR MENTAL ANGUISH

28.     Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendants HOA and Quail Run had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

29.     In this regard as to Defendant Holbrook, her acts were committed "knowingly" and with actual awareness that they were in violation of the declaration and master deed and that such acts (alterations) were prohibited for the specific reason that actually did cause damages and injuries to Plaintiff personally. Further, an occupant of Defendant Holbrook's unit has engaged in additional

actions following Plaintiff making her complaint to intimidate and harass Plaintiff with the stated intentions that Plaintiff move from her unit.  Plaintiff believes that Defendant Holbrook has collectively and jointly with Heather, the occupant in her unit above Plaintiff, have engaged in an effort to retaliate against Plaintiff by harassing and attempting to intimidate her to move for which Plaintiff has suffered additional mental anguish both from the noise above as well as the verbal and physical actions a part thereof.

30.     Additionally, Defendants HOA and Quail Run have been informed and have chosen to take no action against Defendant Holbrook and have suggested that Plaintiff move instead of seeking enforcement of the rules of the declaration and master deed.

31.     As a result of such acts, practices and/or omissions of Defendants, jointly and severally, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code and common law related to nuisance and intentional torts, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

32.     Plaintiff would further show that the acts and omissions of Defendants, jointly and severally, complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiff.  In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## RESCISSION AND OTHER ORDERS TO RESTORE

33.     Alternatively and concurrently, Plaintiff requests that due to the damages that she has suffered that Defendants HOA and/or Quail Run purchase her property for its original fair market value so that she can move from the premises and relocate due to the ongoing problems and

environment which has occurred after months of dispute and loss of use and enjoyment of her property due to Defendants actions.

## ATTORNEY'S FEES

34.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (b) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, SUSAN A. TREJO, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Law Office of Vernon L. Witherspoon

By: _Vernon L. Witherspoon_
Vernon L. Witherspoon
Texas Bar No. 21828500
101 N. MacArthur Blvd.
Irving, Texas  75061
Tel. (972) 254-3148
Fax. (972) 253-0611
Attorney for Plaintiff
SUSAN A. TREJO

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Plaintiff's Original Petition - page 9

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 26th day of October A.D. 2011

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

# EXHIBIT
# 3

# RETURN OF SERVICE AFFIDAVIT
## CAUSE # DC-11-01390

FILED F2

2011 FEB 16 AM 9:28

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## STATE OF TEXAS

## COUNTY OF DALLAS

I, Gregory D. Harper make the following representations to the District Court of Dallas County. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.

1. I am not less than 18 years of age.
2. I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case
3. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
4. I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Civil Statutes, Civil Remedies Code and all other applicable rules and statutes relating to the service of citations and notices.

CAME TO HAND ON THE __11__ DAY OF __FEBUARY__ A.D. 20 __11__ , AT __9:00__ O'CLOCK __A__ .M. AND EXECUTED BY DELIVERING TO

QUAIL RUN CONDOMINIUM ASSOCIATION REG AGENT PRINCIPAL MANAGEMENT GROUP ACCEPPTED BY MARY HARVEY 12700 PARK CENTRAL DRIVE SUITE 600 DALLAS, TEXAS 75251

ON THE __15__ DAY OF __FEBUARY__ A.D. 20 __11__ , AT __2:30__ O"CLOCK __P__ M., THE WITHIN NAMED DEFENDANT, IN PERSON, A TRUE COPY OF THIS CITATION, TOGETHER WITH A COPY OF ORIGINAL PETITION WITH DATE OF SERVICE MARKED THEREON.

| | | |
|---|---|---|
| SERVING | $ | 75.00 |
| MILEAGE | $ | |
| NOTARY | $ | |
| TOTAL | $ | 75.00 |

By _____
Gregory D. Harper          Authorized Person
Texas Supreme Court ID#: 576

FILED
11 FEB 23 AM 9:47
GARY FITZSIMMONS DISTRICT CLERK DALLAS TEXAS DEPUTY

BEFORE ME, the undersigned Notary Public on this day personally appeared Gregory D. Harper known to be the Person whose name is signed to the above affidavit and sworn to me that the representations contained in the above affidavit are true and correct.

Given under my hand and seal of office this __16__ day of __FEBUARY__ 2011

_____
Notary Public in and for the State of Texas

TINA MARIE DENFORD
Notary Public, State of Texas
My Commission Expires
July 31, 2011

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

QUAIL RUN CONDOMINIUM ASSOCIATION
BY SERVING ITS REGISTERED AGENT PRINCIPAL MANAGEMENT GROUP
12700 PARK CENTRAL DRIVE SUITE 600
DALLAS TX 75251

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being SUSAN A TREJO

Filed in said Court 11th day of February, 2011 against

COURTNEY HOLBROOK, QUAIL RUN CONDOMINIUM ASSOCIATION AND QUAIL RUN CONDOMINIUM ASSOCIATION INC

For Suit, said suit being numbered DC-11-01390, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office this 11th day of February, 2011.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____ Deputy
RITA RODGERS

---

ATTY

## CITATION

## DC-11-01390

SUSAN A TREJO
vs.
COURTNEY HOLBROOK, ETAL

ISSUED THIS
11th day of February, 2011

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: RITA RODGERS, Deputy

**Attorney for Plaintiff**
Vernon Lee Witherspoon
101 N Macarthur Blvd
Irving Tx 75061
972-254-3148



## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____.M. Executed

at _____, within the County of _____ at _____ o'clock _____.M.

on the _____ day of _____, 20 ____, by delivering to the within

named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date
of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify
which witness my hand.

For serving Citation   $ _____

For mileage              $ _____       of _____ County, _____

For Notary               $ _____       By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____,

to certify which witness my hand and seal of office.

_____
Notary Public _____ County _____

STATE OF TEXAS
COUNTY OF DALLAS

ARY FITZSIMMONS, Clerk of the District of Dallas County,
as, do hereby certify that I have compared this instrument
ae a true and correct copy of the original as appears of
ord in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of October, A.D. 20__

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT
# 4

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* ___11 - 01390___   **COURT** *(FOR CLERK USE ONLY):* ___

STYLED SUSAN TREJO   v.   HOLBROOK AND QUAIL RUN CONDOMINIUM ASSOC

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: VERNON WITHERSPOON  Email: vernon@vlwlaw.com | Plaintiff(s)/Petitioner(s): SUSAN A. TREJO | ☒ Attorney for Plaintiff/Petitioner  ☐ Pro Se Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other: ____ |
| Address: 101 N. MACARTHUR BLVD,  Telephone: 972 - 254 - 3148 | | Additional Parties in Child Support Case: |
| City/State/Zip: IRVIN 6, TX 75061  Fax: 972 - 253 - 0611 | Defendant(s)/Respondent(s): COURTNEY HOLBROOK QUAIL RUN CONDOMINIUM ASSOCIATION | Custodial Parent: |
| Signature:  State Bar No: 21828500 | | Non-Custodial Parent: |
| | | Presumed Father: |
| | *[Attach additional page as necessary to list all parties]* | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability. List Product: _____ ☒Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: ____ | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Paternity/Parentage ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
and it is a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 21 day of October A.D. 2011

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT
# 5

CAUSE NO. DC-11-01390

FILED

| | | |
|---|---|---|
| SUSAN A. TREJO, | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| COURTNEY HOLBROOK, QUAIL | § | |
| RUN CONDOMINIUM ASSOCIATION | § | |
| AND QUAIL RUN CONDOMINIUM | § | |
| ASSOCIATION, INC., | § | DALLAS COUNTY, TEXAS |
| **Defendants** | | |

### DEFENDANT
### QUAIL RUN CONDOMINIUM ASSOCIATION'S
### ORIGINAL ANSWER, SPECIAL EXCEPTIONS, PLEA IN ABATEMENT, AND ORIGINAL COUNTERCLAIM

TO THE HONORABLE COURT:

Subject to the Special Denial, Plea in Abatement, and Special Exceptions set forth herein, this Answer and Original Counterclaim are filed on behalf of QUAIL RUN CONDOMINIUM ASSOCIATION, a Texas non-profit corporation, which is the condominium owners association for the residential condominium regime known as Quail Run Condominiums, located in the City of Irving, Texas, and which is one of the intended named Defendants in the above-referenced cause (referred to in this Answer as the "Association"). The Association has no knowledge of a Limited Liability Company named "Quail Run Condominium Association, Inc." as identified at Paragraph 6 of Plaintiff's Original Petition, and this Answer is not filed on behalf of such entity. The Association respectfully shows the Court as follows:

### SPECIAL DENIAL AND, IN THE ALTERNATIVE, PLEA IN ABATEMENT WITH REGARD TO PLAINTIFF'S DTPA CLAIM

1.      Plaintiff's Original Petition asserts claims against the Association pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann.

Section 17.41 *et seq.* ("DTPA"). See, for example, Plaintiff's Original Petition at Paragraphs 9 & 28. The Association hereby asserts that Plaintiff may not recover against the Association under the provisions of the DTPA and said claims against the Association should be stricken from Plaintiff's Original Petition.

2.      Pending either Plaintiff's voluntary dismissal of her DTPA claim(s) or a determination by the Court concerning the validity of Plaintiff's DTPA claims against the Association, the Association alternatively denies that all conditions precedent to Plaintiff's claims for recovery have been met. Specifically, Plaintiff failed to provide the Association, as a condition precedent to recovery, the statutory pre-suit notice of claim as required by Section 17.505(a) of the DTPA. Plaintiff failed to give the Association sufficient written notice, at least sixty (60) days before the filing of this lawsuit, of the amount of economic damages, mental anguish damages, and expenses, including attorney's fees, if any, reasonably incurred by Plaintiff. Furthermore, no such notice has been received subsequent to the filing of Plaintiff's Original Petition. Accordingly, Plaintiff's lawsuit should be abated until the sixtieth (60th) day after the date Plaintiff serves written notice upon the Association in compliance with Section 17.505(a).

## SPECIAL EXCEPTIONS

The Association specially excepts to Plaintiff's Original Petition on the following grounds:

3.      The Association specially excepts to **Paragraph 6 of Plaintiff's Original Petition** on the grounds that "Quail Run Condominium Association," a Texas non-profit corporation, is the correct name of the condominium owners association for the residential

condominium regime known as Quail Run Condominiums in which Plaintiff's condominium unit is located. However, Plaintiff's Original Petition identifies an additional Defendant by the name *"Quail Run Condominium Association, Inc., a Limited Liability Company based in Texas"*. The Association has no knowledge of a Limited Liability Company named "Quail Run Condominium Association, Inc." as identified at Paragraph 6 of Plaintiff's Original Petition. Plaintiff's Original Petition further distinguishes the two purported Quail Run entities as *"the HOA"* and *"Quail Run"*. See, for example, the introductory paragraph at Page 1 of the Petition and Paragraphs 11 & 13. Accordingly, the Association is unable to determine the specific claims that may be asserted against it, as opposed to some other entity. The information concerning the proper name of the condominium owners association for the Quail Run Condominiums is a matter of public record and is set forth in the Master Deed and Declaration for Quail Run. Plaintiff should be required to replead her Petition to specifically identify: (i) all parties/entities to be deemed defendants in the above-entitled cause, (ii) all parties/entities subject to any judgment or other relief granted in favor of Plaintiff by this Court in the above-entitled cause, and (iii) all claims asserted against each specific Defendant.

    4.    The Association specially excepts to **Paragraph 9 of Plaintiff's Original Petition** on the grounds that Plaintiff fails to identify the Section of the Texas Civil Practices and Remedies Code relied upon by Plaintiff and fails to provide the explanation of "because" (nothing follows the word "because" at the end of the Paragraph).

    5.    The Association specially excepts to **Paragraphs 14 & 26 of Plaintiff's Original Petition** on the grounds that Plaintiff fails to specify with reasonable detail how she has personally been "discriminated against" and fails to clarify or specify the basis for such

DEFENDANT QUAIL RUN CONDOMINIUM ASSOCIATION'S
ORIGINAL ANSWER, SPECIAL EXCEPTIONS, and ORIGINAL COUNTERCLAIM - Page 3

discrimination. For example, the last sentence of Paragraph 15 references Plaintiff's status as a minority. Plaintiff's Original Petition is not specific as to whether she is asserting a claim for discrimination based on ethnic status or some other basis. Additionally, Paragraph 26 fails to clarify whether Plaintiff is alleging discrimination based on her minority status or based on the Association's alleged inconsistency in enforcement. Additionally, Paragraph 26 fails to specify "the laws of the State of Texas" and the specific provision(s) of "the Uniform Condominium Act" allegedly violated by the Association. Plaintiff should be required to replead her Petition to provide the noted specificity and clarification.

6.      The Association specially excepts to **Paragraph 20 of Plaintiff's Original Petition** on the grounds that the Association owns no real property separate from the common interest property of all condominium unit owners within the Association and is not engaged in the "marketing and selling" of property. Plaintiff fails to specify the property which Plaintiff alleges is marketed and/or sold by the Association. Plaintiff should be required to replead her Petition to provide the necessary clarification.

7.      The Association specially excepts to **Paragraph 32 of Plaintiff's Original Petition** on the grounds that Plaintiff fails to specify the statutory or common law basis and legal theory for Plaintiff's claim for exemplary damages. Plaintiff should be required to replead her Petition to provide the reference to the specific statutory provision(s) or legal theory that would authorize Plaintiff to recover damages for mental anguish from the Association.

8.      The Association specially excepts to **Paragraph 33 of Plaintiff's Original Petition** on the grounds that no contractual agreement exists between the Association and Plaintiff for which the Association would have authority to "rescind". The Association was not a

party to the transaction by which Plaintiff acquired her condominium unit. Additionally, the Association asserts that there is no legal theory of authority under Texas law that would authorize the Court to order the Association to purchase Plaintiff's condominium unit. Plaintiff should be required to replead her Petition to provide the legal basis for which "rescission" and/or "other orders to restore" would qualify as an appropriate remedy under Texas law.

9.     The Association specially excepts to **the damages claims set forth in Plaintiff's Original Petition** pursuant to Rule 47 of the Texas Rules of Civil Procedure and asks the Court to require Plaintiff to specify the maximum amount of damages that Plaintiff seeks to recover.

10.     Accordingly, for the reasons noted above, Plaintiff's Original Petition fails to provide the Association with fair notice of the legal and/or factual bases of Plaintiff's claims. The Association is, therefore, unable to file a complete response at this time, and the Association is unable to prepare a proper defense, to include identification of appropriate witnesses or documentary evidence that may be needed at time of trial to defend against Plaintiff's claims and to allow the Court to make a fair and just determination of this matter.  Plaintiff should be required to replead her claims more specifically prior to time of trial.  If Plaintiff fails to do so, the Association requests that Plaintiff's claims be stricken.

## ORIGINAL ANSWER

### General Denial

11.     Subject to the Special Denial and Plea in Abatement set forth above regarding Plaintiff's DTPA claim, the Association generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure and demands strict proof thereof by a preponderance of the evidence.

## Special Denial

Pursuant to Rule 93 of the Texas Rules of Civil Procedure, the Association asserts the following additional special denials in response to Plaintiff's Original Petition:

12.     The Association denies the existence of two separate and distinct Quail Run Condominium Association entities as identified in Plaintiff's Original Petition. There is a defect as to the named Defendants.

13.     To the extent that the Limited Liability Company named Quail Run Condominium Association, Inc. exists, the Association denies its affiliation with, or that said entity is part of, the Quail Run Condominiums. There is a defect as to the named Defendants.

14.     The Association denies that all conditions precedent to Plaintiff's claims for recovery have been met. Specifically, to the extent Chapter 38 of the Texas Civil Practices & Remedies Code is, in fact, applicable to Plaintiff's pleadings, Plaintiff failed to provide the Association, as a condition precedent to recovery, the required notice and demand for attorney's fees required by Section 38.002 of Tex. Civ. Prac. & Rem. Code Ann. The Association demands strict proof thereof by a preponderance of the evidence.

## Affirmative Defenses

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, the Association asserts the following affirmative defenses in response to Plaintiff's Original Petition:

15.     Plaintiff failed, in whole or in part, to mitigate her damages.

16.     To the extent Plaintiff's claim for negligent misrepresentation is actionable against the Association, said claim is barred by expiration of the applicable statute of limitations period.

17.    To the extent Plaintiff's DTPA claim is actionable against the Association, said claim is barred by expiration of the applicable statute of limitations period.

18.    Plaintiff has no actionable claim against the Association pursuant to the DTPA; therefore, Plaintiff has no claim for mental anguish damages.

### Answer to Plaintiff's Claim for Exemplary Damages
### and Defendant's Motion for Bifurcation

19.    The Association denies any act or omission which would justify a claim for exemplary damages. The Association denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition at Paragraph 32 regarding exemplary damages and demands strict proof thereof by clear and convincing evidence that the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from acts or omissions "committed knowingly, willfully, intentionally, with actual awareness, and the with specific predetermined intention of enriching" the Association. Additionally, the Association hereby requests bifurcation of Plaintiff's exemplary damages claim.

### ORIGINAL COUNTERCLAIM FOR ATTORNEY'S FEES AND COSTS

20.    Defendant/Counter-Plaintiff Quail Run Condominium Association is a Texas non-profit corporation duly and legally incorporated under and by virtue of the laws of the State of Texas, with offices in Dallas County, Texas (the "Association" identified herein above).

21.    The Association is a residential condominium regime created by that certain "Quail Run Condominiums Declaration and Master Deed" recorded in the Condominium Records of Dallas County, Texas, on August 26, 1983.

22.    The Association has been forced to defend itself from the claims asserted by Plaintiff. Pursuant to the Association's governing documents and applicable Texas law, the

Association is entitled to recover from Plaintiff/Counter-Defendant Susan A. Trejo its reasonable attorney's fees and expenses incurred in defending the claims prosecuted by Plaintiff in the event the Association prevails in this matter, to include prevailing in any appeal of the trial court judgment.

23.     Plaintiff/Counter-Defendant Susan A. Trejo, being a party to this cause, is being served with this Counterclaim by incorporating same herein with the Association's Original Answer, a copy of which is being forwarded to Ms. Trejo's attorney of record, Vernon L. Witherspoon, Esq., Law Offices of Vernon L. Witherspoon, 101 N. McArthur Blvd., Irving, Texas 75061, pursuant to Rule 124 of the Texas Rules of Civil Procedure.

### RESERVE RIGHT TO SUPPLEMENT OR AMEND

24.     The Association reserves the right to supplement and/or amend its Answer and Counterclaim, either in writing or orally at time of trial, and to bring such other defenses, claims and causes of action to which the Association may be entitled at law and in equity.

### CONDITIONS PRECEDENT

25.     All conditions precedent to the Association's right to recover the relief sought herein against Plaintiff have been performed, have occurred, or have been waived.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant/Counter-Plaintiff QUAIL RUN CONDOMINIUM ASSOCIATION prays as follows:

1.     That, pending a determination of whether Plaintiff's DTPA claim is actionable, Plaintiff's lawsuit be abated in all respects as to all Defendants until (i) the sixtieth (60th) day

after the date Plaintiff serves written notice upon the Association in compliance with Section 17.505(a) of the Tex. Bus. & Com. Code (DTPA).

2.      That the Association's Special Exceptions be sustained and that Plaintiff's claims be stricken if not repled accordingly.

3.      That Plaintiff take nothing from the Association by her Original Petition.

4.      That Plaintiff's claim for exemplary damages, to the extent actionable, be bifurcated.

5.      That the Association recover from Plaintiff/Counter-Defendant Trejo:

a.      The Association's reasonable and necessary attorney's fees through the date of judgment, together with post-judgment interest thereon at the rate of ten percent (10%) per annum until paid; and

b.      An additional award of reasonable and necessary attorney's fees, together with post-judgment interest thereon at the rate of ten percent (10%) per annum until paid, as follows: (i) $2,500.00 in the event a motion for new trial is filed by Plaintiff/Counter-Defendant Trejo and such motion be denied, (ii) an additional $10,000.00 in the event of an appeal to the Texas Court of Appeals should the opposing appellant ultimately not prevail, (iii) an additional $2,500.00 in the event that any motion for reconsideration is filed in the Texas Court of Appeals, and (iv) an additional $15,000.00 should this matter ultimately be appealed to the Texas Supreme Court and should the opposing party not prevail.

6.      That the Association recover from Plaintiff/Counter-Defendant Trejo all costs advanced by the Association's legal counsel and incurred by the Association, together with post-judgment interest thereon at the rate of ten percent (10%) per annum until paid.

7.    That the Association recover from Plaintiff/Counter-Defendant Trejo all costs of court.

8.    The Association seeks such other and further relief, general or special, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**RIDDLE & WILLIAMS, P.C.**

By:    _____
David A. Surratt
State Bar No. 19519100
3710 Rawlins Street, Suite 1400
Dallas, Texas 75219
Telephone:  (214) 760-6766
Facsimile:  (214) 760-6765
**ATTORNEYS FOR
QUAIL RUN CONDOMINIUM ASSOCIATION**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to Plaintiff/Counter-Defendant Susan A. Trejo, by and through her attorney of record, Vernon L. Witherspoon, Esq., Law Offices of Vernon L. Witherspoon, 101 N. McArthur Blvd., Irving, Texas 75061, via certified mail, return receipt requested, on this 4/7*/ day of March, 2011. At the time of service of the foregoing, an Answer or other form of appearance had not been received from Defendant Courtney Holbrook.

_____
David A. Surratt

I/ANSW/QuailRunCondos-Trejo.March2011

---

DEFENDANT QUAIL RUN CONDOMINIUM ASSOCIATION'S
ORIGINAL ANSWER, SPECIAL EXCEPTIONS, and ORIGINAL COUNTERCLAIM - Page 10

## VERIFICATION

STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, the undersigned Notary Public, on this day personally appeared David Williams, President of Quail Run Condominium Association, a Texas non-profit corporation, who being by me duly sworn on oath, deposed and stated that he is duly qualified and authorized in all respects to make this Verification; that he has read the above and foregoing Original Answer; that the factual information contained therein is within his personal knowledge and is true and correct.

_____
David Williams

SUBSCRIBED AND SWORN TO BEFORE ME, on this ___4th___ day of March, 2011, to certify which witness my official hand and seal.

_____
Notary Public in and for
the State of Texas

JAMES F. WROENER IV
Notary Public
STATE OF TEXAS
My Comm. Exp. Nov. 20, 2013

My Commission Expires: __11 - 20 - 2013__

STATE OF TEXAS }
COUNTY OF DALLAS }

GARY FITZSIMMONS, Clerk of the District of Dallas County,
as, do hereby certify that I have compared this instrument
as a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY

at Dallas, Texas __ 20th __ day of said Court, at office
__ October __ A.D. 2011

GARY FITZSIMMONS, DISTRICT CLERK

BY __ Deputy

# EXHIBIT
# 6

CAUSE NO. DC-11-01390                         FILED

| | | |
|---|---|---|
| SUSAN A. TREJO, | § | IN THE DISTRICT COURT 2: l |
| Plaintiff | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT, TEXAS |
| | § | JARY FITZSIMMONS |
| COURTNEY HOLBROOK, QUAIL | § | DISTRICT CLERK |
| RUN CONDOMINIUM ASSOCIATION | § | DEPUT |
| AND QUAIL RUN CONDOMINIUM | § | |
| ASSOCIATION, INC., | § | DALLAS COUNTY, TEXAS |
| Defendants | | |

## DEFENDANT
## QUAIL RUN CONDOMINIUM ASSOCIATION'S
## NOTICE OF CURRENT ADDRESS

Pursuant to Section 30.015 of the Texas Civil Practice and Remedies Code, Defendant Quail Run Condominium Association (as identified in Defendant's Original Answer) files this notice of current address for this non-profit corporate entity:

Quail Run Condominium Association
4575 N. O'Connor Road
Irving, Texas 75062

Association President: David Williams
Texas Drivers License No. (last 3 numbers) 434
Social Security No. (last 3 numbers) 521

Respectfully submitted,

**RIDDLE & WILLIAMS, P.C.**

By:  _____
David A. Surratt
State Bar No. 19519100
3710 Rawlins Street, Suite 1400
Dallas, Texas 75219
Telephone: (214) 760-6766
Facsimile: (214) 760-6765
**ATTORNEYS FOR**
**QUAIL RUN CONDOMINIUM ASSOCIATION**

---

DEFENDANT QUAIL RUN CONDOMINIUM ASSOCIATION'S
NOTICE OF CURRENT ADDRESS - Page 1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing notice has been forwarded to Plaintiff Susan A. Trejo, by and through her attorney of record, Vernon L. Witherspoon, Esq., Law Offices of Vernon L. Witherspoon, 101 N. McArthur Blvd., Irving, Texas 75061, via certified mail, return receipt requested, on this 4TH day of March, 2011. At the time of service of the foregoing, an Answer or other form of appearance had not been received from Defendant Courtney Holbrook.

David A. Surratt

I/ANSW/QuailRunCondos-Trejo.NoticeAddress.03.04.2011

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
and it is a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _October_, A.D._2011_.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

# EXHIBIT
# 7

**CAUSE NO. DC-11-01390**



| | | |
|---|---|---|
| SUSAN A. TREJO, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| COURTNEY HOLBROOK, QUAIL | § | |
| RUN CONDOMINIUM | § | |
| ASSOCIATION AND QUAIL RUN | § | |
| CONDOMINIUM ASSOCIATION, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## UNOPPOSED MOTION FOR SUBSTITUTION OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Quail Run Condominium Association and moves the Court for permission to substitute Ashley Scheer and Sarah Mitchell of the law firm of Jackson Walker, L.L.P., as its attorneys of record in place of David A. Surratt of Riddle & Williams, P.C.

Pursuant to TRCP 10, Ashley Scheer and Sarah Mitchell certify that they have been engaged to represent Quail Run Condominium Association in this matter. Ms. Scheer and Ms. Mitchell further certify that they have conferred with opposing counsel, who has no objection to this Motion.

WHEREFORE, PREMISES CONSIDERED, Quail Run Condominium Association, requests that Ashley Scheer and Sarah Mitchell be substituted as its attorneys of record and that David A. Surratt of Riddle & Williams, P.C. be withdrawn as such counsel.

Respectfully submitted,

By: _____
David A. Surratt
State Bar No. 19519100
**RIDDLE & WILLIAMS, P.C.**
3710 Rawlins Street
Suite 1400
Dallas, Texas 75219
Tel. (214) 760-6766
Fax (214) 760-6765

By: _____
Ashley Scheer
State Bar No. 00784320
Sarah Mitchell
State Bar No. 24045792
**JACKSON WALKER L.L.P.**
901 Main Street
Suite 6000
Dallas, Texas 75202
Tel. (972) 953-6000
Fax (214) 661-6691

**ATTORNEYS FOR QUAIL RUN
CONDOMINIUM ASSOCIATION**


**CERTIFICATE OF CONFERENCE**

On June 7th, 2011, Plaintiff's counsel was contacted by telephone regarding the contents of the Unopposed Motion for Substitution of Counsel and has no opposition to the Unopposed Motion:

_____
Ashley Scheer


MOTION FOR SUBSTITUTION OF COUNSEL – Page 2
5274714

## CERTIFICATE OF SERVICE

This is to certify that on June 17, 2011, a true and correct copy of the foregoing instrument was served via certified mail, return receipt requested, upon:

Vernon L. Witherspoon
LAW OFFICES OF VERNON L. WITHERSPOON
101 N. McArthur Blvd.
Irving, Texas  75061

Ashley Scheer

6142273v.1



JACKSON WALKER L.L.P.
ATTORNEYS & COUNSELORS

FILED
11 JUN 17 PM
Ashley Scheer
(214) 953-6016 (Direct Dial)
(214) 661-6691 (Direct Fax)
ascheer@jw.com
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO.. TEXAS
DEPUTY

June 17, 2011

**Via Courier**

Clerk
44th Judicial District Court
George L. Allen, Sr. Courts Bldg., 3rd Floor
600 Commerce St.
Dallas, TX 75202

      Re:    Cause No. 11-01390; *Susan A. Trejo v. Courtney Holbrook, Quail Run Condominium Association and Quail Run Condominium Association, Inc.*; In the 44th Judicial District Court, Dallas County, Texas

Dear Sir/Madame:

      Please find enclosed for filing the original and one (1) copy of an Unopposed Motion for Substitution of Counsel in the above-referenced matter. Please return a file-marked copy to me via my courier. Should you have any questions, please do not hesitate to contact me at the number above.

      Very truly yours,

      Ashley Scheer

AES:rl
Enclosure

cc:    Vernon L. Witherspoon (via CM/RRR)
       Law Offices of Vernon L. Witherspoon
       101 N. MacArthur Blvd.
       Irving, TX 75061

6146551v.1 108320/00195

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument and the same and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this ____ day of ____ A.D. 20__

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT
# 8



JACKSON WALKER L.L.P.

ATTORNEYS & COUNSELORS

FILED
2011 JUN 27 P.M 12: 56
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
_____ DEPUTY

June 24, 2011

Sarah Dobson Mitchell
(214) 953-5870 (Direct Dial)
(214) 661-6837 (Direct Fax)
smitchell@jw.com

**VIA CM RRR7196 9008 9111 0648 3621**

Robyn Poston, Court Coordinator
44th Judicial District Court
George L. Allen, Sr. Courts Bldg., 3rd Floor
600 Commerce St.
Dallas, TX 75202

Re: Cause No. 11-01390; *Susan A. Trejo v. Courtney Holbrook, Quail Run Condominium Association and Quail Run Condominium Association, Inc.*; In the 44th Judicial District Court, Dallas County, Texas

Dear Ms. Sims:

Please be advised that the undersigned counsel of record will be on vacation from August 3 through August 8, 2011. Accordingly, please do not set any matters for trial or any court proceedings during that time. Your assistance concerning this is greatly appreciated.

Thank you for your assistance.

Very truly yours,

*Sarah Mitchell*

Sarah Dobson Mitchell

SDM:ms

cc: **CM RRR 7196 9008 9111 0648 3638**
Vernon L. Witherspoon
Law Offices of Vernon L. Witherspoon
101 N. MacArthur Blvd.
Irving, TX 75061

6135877v.1 108320/00195

STATE OF TEXAS }
COUNTY OF DALLAS }

GARY FITZSIMMONS, Clerk of the District of Dallas County,
Tx, do hereby certify that I have compared this instrument
to a true and correct copy of the original as appears of
record in my office

GIVEN UNDER MY HAND and seal of said Court, at office
Dallas, Texas, this ____ day of _____ A.D., ____

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEX.

By _____ Deputy

# EXHIBIT
# 9



**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

FILED
Sarah Dobson Mitchell
11 AUG -2 PM (214) 953-5870 (Direct Dial)
(214) 953-6837 (Direct Fax)
smitchell@jw.com

GARY F. FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
————————— DEPUTY

August 2, 2011

**VIA COURIER**

LaFonda Sims, Court Clerk
44th Judicial District Court
George L. Allen, Sr. Courts Bldg., 3rd Floor
600 Commerce St.
Dallas, TX 75202

Re:     Cause No. 11-01390; *Susan A. Trejo v. Courtney Holbrook, Quail Run Condominium Association and Quail Run Condominium Association, Inc.*; In the 44th Judicial District Court, Dallas County, Texas

Dear Ms. Sims:

Please find the original and one copy of a Certificate of Conference on Defendant Quail Run Condominium Association's Special Exceptions. Please file the original among the papers of the Court and return a file stamped copy to our courier.

Thank you for your assistance.

Very truly yours,

*Sarah Mitchell*

Sarah Dobson Mitchell

SDM:ms

cc:     **CM RRR 7160 3901 9848 6736 2482**
        Vernon L. Witherspoon
        Law Offices of Vernon L. Witherspoon
        101 N. MacArthur Blvd.
        Irving, TX 75061

6186628v.1 108320/00195

CAUSE NO. DC-11-01390

| | | |
|---|---|---|
| SUSAN A. TREJO, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| COURTNEY HOLBROOK, QUAIL | § | |
| RUN CONDOMINIUM | § | |
| ASSOCIATION AND QUAIL RUN | § | |
| CONDOMINIUM ASSOCIATION, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## CERTIFICATE OF CONFERENCE ON DEFENDANT
## QUAIL RUN CONDOMINIUM ASSOCIATION'S SPECIAL EXCEPTIONS

TO THE HONORABLE COURT:

Counsel for Defendant Quail Run Condominium Association and counsel for Plaintiff Susan

Trejo have personally conducted a conference at which there was a discussion of the items presented

to the Court in Defendant Quail Run Condominium Association's Original Answer, Special

Exceptions, Plea in Abatement, and Original Counterclaim. Plaintiff's counsel currently opposes

Defendant's Special Exceptions. Therefore, Defendant requests that the Court set Defendant's

Special Exceptions for hearing.

Certified this 2nd day of August, 2011.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: _Sarah Mitchell_
Ashley Interrante Scheer
State Bar No. 00784320
Sarah D. Mitchell
State Bar No. 24045792

**CERTIFICATE OF CONFERENCE**          Page 1
6184167v.1

901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 - Fax
Email: ascheer@jw.com
       smitchell@jw.com

**ATTORNEYS FOR DEFENDANT
QUAIL RUN CONDOMINIUM
ASSOCIATION**

## CERTIFICATE OF SERVICE

    This is to certify that on this 2nd day of August, 2011, I served the foregoing document via certified mail, return receipt requested, upon the following:

Vernon L. Witherspoon
LAW OFFICES OF VERNON L. WITHERSPOON
101 N. McArthur Blvd.
Irving, Texas 75061

Sarah Mitchell

## FIAT

The above and foregoing Special Exceptions have been set for hearing on the _____ day of _____, 2011 at _____ o'clock ____.m.

_____
Presiding Judge

STATE OF TEXAS
COUNTY OF DALLAS

GARY FITZSIMMONS, Clerk of the District of Dallas County,
do hereby certify that I have compared this instrument
and a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
Dallas, Texas this _____ day of _____ A.D. _____

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____, Deputy

# EXHIBIT
# 10



JACKSON WALKER L.L.P.

ATTORNEYS & COUNSELORS

Kimberly J. Winiger
(214) 953-5951 (Direct Dial)
(214) 661-6831 (Direct Fax)
kwiniger@jw.com

FILED
11 AUG 10 PM
GARY FITZSIMONS
DISTRICT CLERK
DALLAS CO., TEXAS
_____ DEPUTY

August 10, 2011

**VIA COURIER**

LaFonda Sims, Court Clerk
44th Judicial District Court
George L. Allen, Sr. Courts Bldg., 3rd Floor
600 Commerce St.
Dallas, TX 75202

> Re:   Cause No. 11-01390; *Susan A. Trejo v. Courtney Holbrook, Quail Run*
> *Condominium Association and Quail Run Condominium Association, Inc.*; In the
> 44th Judicial District Court, Dallas County, Texas

Dear Ms. Sims:

Please find the original and one copy of a Notice of Hearing on Defendant Quail Run
Condominium Association's Special Exceptions. Please file the original among the papers of the
Court and return a file stamped copy to our courier.

Thank you for your assistance.

Best regards,

Kim Winiger

Kim Winiger
Paralegal

Enclosure

cc:   **CMRRR**
Vernon L. Witherspoon
Law Offices of Vernon L. Witherspoon
101 N. MacArthur Blvd.
Irving, TX 75061

CAUSE NO. DC-11-01390

| | | |
|---|---|---|
| SUSAN A. TREJO, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| COURTNEY HOLBROOK, QUAIL | § | |
| RUN CONDOMINIUM | § | |
| ASSOCIATION AND QUAIL RUN | § | |
| CONDOMINIUM ASSOCIATION, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing on Defendant Quail Run Condominium Association's Special Exceptions has been set for **Wednesday August 24, 2011 at 10:45 a.m.** in the above-referenced matter. The hearing will be held before Associate Judge Snelson on the 6th Floor, Courtroom 6B.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: *Sarah Mitchell*

Ashley Interrante Scheer
State Bar No. 00784320
Sarah D. Mitchell
State Bar No. 24045792
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 - Fax
Email: ascheer@jw.com
       smitchell@jw.com

**ATTORNEYS FOR DEFENDANT
QUAIL RUN CONDOMINIUM
ASSOCIATION**

## **CERTIFICATE OF SERVICE**

This is to certify that on this 10th day of August, 2011, I served the foregoing document via certified mail, return receipt requested, upon the following:

Vernon L. Witherspoon
LAW OFFICES OF VERNON L. WITHERSPOON
101 N. McArthur Blvd.
Irving, Texas 75061

*Sarah Mitchell*

Sarah Mitchell

STATE OF TEXAS }
COUNTY OF DALLAS }

GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _____ A.D. ____

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

# EXHIBIT
# 11



JACKSON WALKER L.L.P.
ATTORNEYS & COUNSELORS

Terrie R. Huff
(214) 953-5907 (Direct Dial)
(214) 661-6884 (Direct Fax)
thuff@jw.com

FILED
11 AUG 29 PM
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
_____ DEPUTY

August 29, 2011

**VIA COURIER**

LaFonda Sims, Court Clerk
44th Judicial District Court
George L. Allen, Sr. Courts Bldg., 3rd Floor
600 Commerce St.
Dallas, TX 75202

> Re: Cause No. 11-01390; *Susan A. Trejo v. Courtney Holbrook, Quail Run Condominium Association and Quail Run Condominium Association, Inc.*; In the 44th Judicial District Court, Dallas County, Texas

Dear Ms. Sims:

Please find the original and one copy of an Amended Notice of Hearing on Defendant Quail Run Condominium Association's Special Exceptions. Please file the original among the papers of the Court and return a file stamped copy to our courier.

Thank you for your assistance.

Best regards,

Terrie Huff
Paralegal

Enclosure

cc:  **CMRRR**
Vernon L. Witherspoon
Law Offices of Vernon L. Witherspoon
101 N. MacArthur Blvd.
Irving, TX 75061

CAUSE NO. DC-11-01390

| | | |
|---|---|---|
| SUSAN A. TREJO, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| COURTNEY HOLBROOK, QUAIL | § | |
| RUN CONDOMINIUM | § | |
| ASSOCIATION AND QUAIL RUN | § | |
| CONDOMINIUM ASSOCIATION, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## AMENDED NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing on Defendant Quail Run Condominium Association's Special Exceptions has been reset for **Wednesday, September 14, 2011 at 9:00 a.m.** in the above-referenced matter. The hearing will be held before Associate Judge Snelson on the 6th Floor, Courtroom 6B.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: *Sarah Mitchell*

Ashley Interrante Scheer
State Bar No. 00784320
Sarah D. Mitchell
State Bar No. 24045792
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 - Fax
Email: ascheer@jw.com
        smitchell@jw.com

**ATTORNEYS FOR DEFENDANT
QUAIL RUN CONDOMINIUM
ASSOCIATION**

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of August, 2011, I served the foregoing document via certified mail, return receipt requested, upon the following:

Vernon L. Witherspoon
LAW OFFICES OF VERNON L. WITHERSPOON
101 N. McArthur Blvd.
Irving, Texas 75061

_Sarah Mitchell_
Sarah Mitchell

# SUZANNE I. CALVERT & ASSOCIATES

## ATTORNEYS AT LAW

**Employees of The Corporate Law Department**
**State Farm Mutual Automobile Insurance Company**

*FILED*
*11 AUG 29 PM 3: 14*
*U.S. DISTRICT CLERK*
*DALLAS C... TEXAS*

Naseem D. Alibhai
Suzanne I. Calvert
Eric T. Freemyer
Stephen W. Gwinn
J. Mark Hansen
Carroll Hix
Lyle H. Jeanes II
Courtney N. Kano

Founders Square, Suite 700
900 Jackson Street
Dallas, Texas 75202

Telephone: (214) 748-3831
Facsimile: (214) 748-7905

John A. Martinez, Jr.
Stephen D. McKimmey
Kristi C. Myers
Stephen R. Parris
Sharon Alice Pouzar
Tracy Hamilton Ramos
Martin F. Terry
Kamela A. Wilkinson

August 26, 2011

**CMRRR 7010 1060 0002 1775 3688**
Larry Rolle
Rolle, Breeland, Ryan, Landau, Wingler & Hindman
2030 Main Street
Suite 200
Dallas, Texas 75201

RE: Cause No. DC-11-09293; *Candi Kelley v. Maria Salazar*; In the District Court 44th
Judicial District of Dallas County, Texas

Dear Mr. Rolle:

Enclosed please find Defendant's Interrogatories, Request for Production, and Request
for Disclosure directed to Plaintiff in the above-entitled and numbered cause.

To assist you in preparing your client's responses, we will provide copies of the enclosed
documents in an electronic format either by disk, CD or by e-mail. Please feel free to contact my
secretary Dianne Davis to request documents in an electronic format. If you propound discovery
upon my client, I would appreciate your returning this courtesy by providing an electronic copy
(on disk, CD or by e-mail) of all discovery propounded.

Pursuant to Rule 193.7 of the *Texas Rule of Civil Procedure*, Defendant will use all
documents produced by you and your client, Candi Kelley in response to Defendant's Request
for Disclosure and all Requests for Production of documents, in any pre-trial proceeding and at
the trial of this cause.

Pursuant to Rule 191.4 of the *Texas Rules of Civil Procedure*, these discovery materials
are no longer to be filed with the Court. Accordingly, and pursuant to this Order, we are
retaining the original copies of these documents.

Larry Rolle
August 26, 2011
Page 2

After your client had an opportunity to respond to this discovery, please contact my secretary to arrange for Plaintiff's deposition.

Please feel free to contact this office if there are any questions regarding this matter.

Sincerely,

Tracy Hamilton Ramos
THR:dd
encl.

cc:    Dallas County Court
       44th Judicial District
       600 Commerce, 5th Floor
       Dallas, Texas 75202-4627

encl.

STATE OF TEXAS }
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
he a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___ day of ___ A.D. ___

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By ___ Deputy

# EXHIBIT
# 12

NO. 11-01390-B

| | | |
|---|---|---|
| SUSAN A. TREJO | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 44TH JUDICIAL DISTRICT |
| | § | |
| COURTNEY HOLBROOK, QUAIL | | |
| RUN CONDOMINIUM ASSOCIATION | § | |
| AND QUAIL RUN CONDOMINIUM | | |
| ASSOCIATION, INC. | | |
| Defendants. | § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SUSAN A. TREJO, hereinafter called Plaintiff, complaining of and about

COURTNEY HOLBROOK, hereinafter more specifically and individually referred to as "Defendant

Holbrook", QUAIL RUN CONDOMINIUM ASSOCIATION aka QUAIL RUN CONDOMINIUM

ASSOCIATION, INC., hereinafter more specifically and individually referred to as "Defendant

HOA", and PRINCIPAL MANAGEMENT GROUP, hereinafter more specifically and individually

referred to as "Defendant PMG", and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, SUSAN A. TREJO, is an Individual whose address is 4533 N. O'CONNOR
#1208, IRVING, Texas 75062.

3.      The last three digits of the driver's license number of SUSAN A. TREJO are 380.
The last three digits of the social security number for SUSAN A. TREJO are 112.

4.      Defendant COURTNEY HOLBROOK, an Individual who is a resident of Texas, may
be served with process at her home at the following address: 4533 N. O'Conner, #2208, Irving,
Texas 75061. Service of said Defendant as described above can be effected by personal delivery.

5.      Defendant QUAIL RUN CONDOMINIUM ASSOCIATION aka QUAIL RUN

Plaintiff's First Amended Original Petition - page 1

CONDOMINIUM ASSOCIATION, INC., a Home Owners Association organized and chartered from the State of Texas, may be served with process by serving David Williams, President of said a Condominium Home Owners Association, at 4601 N. O'Conner, Irving, Texas 75062 or by serving its registered agent, Principal Management Group, 12700 Park Central Drive, Suite 600, Dallas, Texas 75251. Service of said Defendant as described above can be effected by personal delivery.

6.    Defendant PRINCIPAL MANAGEMENT GROUP, a Texas Corporation, may be served with process by serving the registered agent of said company, CT Corp, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201, or it's property manager at Quail Run Condominiums, James Harris, at 4575 N. O'Conner Road, Irving, Texas 75062. Service of said Defendant as described above can be effected by personal delivery. Defendant HOA hired, delegated its authority to, and has employed during all times material this Defendant on their behalf and with responsibility to handle for them the onsite management of the property the subject of this suit where both Defendant Holbrook and Plaintiff Trejo own property and reside and are responsible for enforcement of the rules and bylaws for the condominium properties as provided in the declaration and bylaws for Defendant HOA.

## JURISDICTION AND VENUE

7.    The subject matter in controversy is within the jurisdictional limits of this court.

8.    This court has personal jurisdiction herein because Defendants are Texas residents.

9.    Venue in Dallas County is proper in that the parties to this suit reside in or have their principal place of business or registered agent in Dallas County, Texas.

## FACTS

10.    Defendant Holbrook, owner of unit #2208 which is located immediately above Plaintiff's unit, changed and modified her unit in violation of the rules of the declaration and bylaws, which change and alteration and/or modification of the her unit was done without prior written approval by Defendant HOA mentioned herein as required. All alterations and modification of any condominium unit requires prior approval by the Condominium Owners Association before any such alteration or modification is taken pursuant to the Condominium Declaration and Master Deed.

Plaintiff's First Amended Original Petition - page 2

Defendant HOA is the governing entity in control of Quail Run Condominiums and responsible for management of the condominiums. The alterations and modifications done by Defendant Holbrook were done with full knowledge of Defendant Holbrook in violation of the Quail Run Condominiums Declaration and Master Deed dated August 25, 1983 and recorded in Dallas County, Texas in Volume 63168, Page 0260, in the Condominium Records thereof, and Article IX, section 9.10. This section specifically prohibits alterations to the flooring due to affects of sound transmissions from a unit located above another unit. This change and/or modification gives rise to the causes of action and several of the damages and injuries complained of by Plaintiff hereafter.

11.     During the alteration process by Defendant Holbrook, Defendant HOA and Defendant PMG became aware of the alterations and violations undertaken by Defendant Holbrook by and through its manager, Vivian Rodriguez, after maintenance staff had entered the condominium and discovered the alterations were being done. They went into the unit during the remodeling of the unit during April, 2009, but Defendant HOA or Defendant PMG took no action to prohibit the construction and alteration by Defendant Holbrook. Some time later, Defendant Holbrook was notified in January, 2010 by manager James Harris that the floor would have to be removed. However, later Defendant HOA and Defendant PMG accepted her alterations with only minor changes. The wood flooring was not removed or required to be removed by Defendant HOA or Defendant PMG with full knowledge that it violated the condominium Declaration and Master Deed for prior approval and the nature of the alteration of installation of wood flooring in an upstairs condominium in its restrictions.

12.     The modification of the unit involved changes to the flooring structure between Plaintiff's ceiling and the floor of Defendant Holbrook's unit above her. More particularly, the alteration involved removal of the carpet and padding from the floor and replacement of wood flooring in its place. Plaintiff would show the Court that the changes and alterations have greatly changed and magnified the sound transmissions from the unit above into the Plaintiff's unit and greatly affected her quiet enjoyment and use of her unit.

Plaintiff's First Amended Original Petition - page 3

13.     Plaintiff made complaint to Defendant HOA and Defendant PMG, by and through the property manager, and the Defendant HOA, when she realized the violations had occurred above her. Plaintiff was acquainted with and aware of the prior owner and another upstairs owner who had requested to make similar changes of their flooring to wood flooring in their units and were denied by Defendant HOA due to the circumstances of noise transmission and the rules in the Declaration and Master Deed to the property. Neither Defendant PMG or Defendant HOA took any action against Defendant Holbrook to enforce the rules to stop the alterations or require the flooring to be removed and the original surfaces and padding to be replaced, restoring the flooring back to its original structure and flooring and have continued to allow this violation to remain.

14.     Plaintiff is member of the Defendant HOA and pays $313.00 per month as homeowners dues to the Defendant HOA for the protection of her rights and its management of the property and enforcement of the declaration, bylaws, and rules associated therewith which are designed to protect her property interests from encroachment or nuisances or other elements intervening and injuring those rights and value of her property. Plaintiff purchased her unit and was required by Defendant HOA to sign paperwork stating that she would abide by the Condominium Declaration and Master Deed restrictions, and in particular, would not modify or alter her unit without first receiving approval from Defendant HOA and agreeing to be subject to the deed restrictions provided in the Declaration and Master Deed. Based upon these written provisions required in her purchase documents and her payment of monthly dues to Defendant HOA, Plaintiff relied upon this protection in purchasing her property and the strict enforcement of those rules and restrictions. Further, Plaintiff had reason to expect and rely upon being treated the same as all other owners at Quail Run Condominiums complex and that it, or it's agents, enforcement would not be discriminatory favoring one owner over another and that this protection would be equally applied to all owners.

15.     Plaintiff over the last year has repeatedly given notice to the Defendant HOA and Defendant PMG, by and through its Board President and the property manager, of her request for

Plaintiff's First Amended Original Petition - page 4

remedy and enforcement of the Declaration and Master Deed rules and the violations of the alterations made by Defendant Holbrook to her unit immediately above Plaintiff's unit. Defendant HOA has taken no action and now has informed Plaintiff that they will take no action on the violations by Defendant Holbrook, which materially affects Plaintiff's right of enjoyment and use of her unit as it was represented and intended. Defendant HOA, in refusing to enforce the deed restrictions, has discriminated against Plaintiff in allowing another owner to violate them as Defendant Holbrook has and Plaintiff has no other recourse.

Further, alternatively and concurrently, Plaintiff would show the Court that along with other actions by the Defendant HOA, that said Defendant has discriminated against Plaintiff in the enforcement of the rules under which she purchased her property and relied upon fair enforcement thereof to protect her property investment therein on racial basis. In this regard, Plaintiff has confirmed that two upstairs owners of units in the condominiums were specifically denied the right to make alterations and install wood flooring on their second floor condominiums by Defendant HOA and both were minorities, one being an Indian and another being African- American, but allowing installation of wood flooring by Defendant Holbrook, a Caucasian. Plaintiff is a minority, an Hispanic.

## NEGLIGENT MISREPRESENTATION

16. Plaintiff would show that as referenced by sales persons for Quail Run Condominiums in the inducement of her purchase of her condominium there and as created and referenced in closing documents of Quail Run Condominiums that Defendant HOA and Defendant PMG were impliedly and expressly identified as in existence to manage her property, protect its value through enforcement of the deed restrictions, and provide an environment which was attractive to her as a buyer of her property. Thereafter, Plaintiff would further show the Court that both Defendant HOA and Defendant PMG held themselves out to the owners, such as herself, that they by and through the payment of the dues obligations required of all owners, would carry out enforcement of the deed restrictions as part of their responsibilities for the Quail Run Condominiums

Plaintiff's First Amended Original Petition - page 5

and all the owners thereof. Plaintiff would show further that Defendant HOA and Defendant PMG were intentional and/or grossly negligent in this misrepresentation of enforcement of the deed restrictions when they first failed to stop Defendant Holbrook's violation of the deed restrictions as provided herein, and then secondly agreed to allow it, and thirdly allowed it even though Defendant Holbrook was known by them to have not attempted any request for modification of her flooring which was also required by the Master Deed. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by this misrepresentation and the intentional acts of Defendants HOA and Defendants PMG and.or grossly negligent acts to not enforce the property deed restrictions. In particular, Plaintiff would not have purchased her unit in this condominium association if she had known that this type of non-enforcement or discriminatory or selective enforcement was intended and would have existed.

17. Plaintiff further asserts a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT

18. Plaintiff would show that Defendants HOA owed a duty to the owners of Quail Run Condominiums, including Plaintiff, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of their agents and/or employees that are hired by them to carry out their obligations and responsibilities for which the owners pay them monthly assessments.

19. Plaintiff would further show that Defendants HOA hired and employed Defendant PMG to assist them in enforcement and management of the owners property. Defendant PMG in the present case failed to enforce the property's deed restrictions and allowed the violation set out in this petition by Defendant Holbrook, with full knowledge that it violated the deed restrictions and without taking action to prevent or prohibit this violation. Defendant HOA was negligent in hiring Defendant PMG and failed to use ordinary care in these respects, including but not limited to, failing to properly investigate potential job applicants and/or management companies, failing to properly

Plaintiff's First Amended Original Petition - page 6

supervise their personnel, namely the property management personnel at the Quail Run Condominiums, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees, hired personnel and/or management company. These conditions created an environment in which misrepresentations to clients and customers, and in particular to unit owners purchasing condominiums from Defendants, were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

## BREACH OF CONTRACT

20.    Alternatively and concurrently, Plaintiff would further show that the actions and/or omissions of all Defendants described hereinabove constitute breach of contract as each shared a responsibility for abiding by the Condominium Declaration, Master Deed, and Bylaws, which in the present case was violated by Defendant Holbrook's actions to modify and alter the flooring in her condominium as described herein.

Defendant Holbrook committed breach of contract which was established in her purchase documents and the recorded Declaration and Master Deed and Bylaws of the Quail Run Condominiums by modifying and altering the flooring in her condominium in violation of the specific deed restrictions contained in these documents which all of the owners are subject to and owe a duty to each other to uphold.

Defendant HOA and Defendant PMG committed breach of contract as represented herein by failing to enforce the same deed restrictions which created their responsibilities for enforcement and to serve the owners of the Quail Run Condominiums and protect their interest, and additionally in allowing Defendant Holbrook to violate the deed restrictions in the Declaration and Master Deed and Bylaws.

Further, Defendant HOA was created as an entity to enforce the deed restrictions which were violated by Defendant Holbrook and in allowing them violated their duty to Plaintiff as an owner of

Plaintiff's First Amended Original Petition - page 7

property in Quail Run Condominiums and Defendant PMG, as the management company responsible for enforcement of rules and deed restrictions in the Quail Run Condominiums, likewise breached its agreement by nonenforcement of the deed restrictions it knew were violated by Defendant Holbrook. Within Defendant HOA's creation and as provided in the Master Deed, it has the power to make assessments to each owner thereunder to pay it for enforcement and maintenance of the property which it failed to do in allowing Defendant Holbrook to make the modifications in violation of the deed restrictions. Additionally, Defendant PMG was paid from those assessments of each owner to perform property management and enforcement which it did not do in the present case in breach of their contract with Defendant HOA, the Plaintiff's agent for such enforcement and to whom a duty was owed in this transaction or cause of action. All for which Plaintiff hereby sues for damages as pled for below.

## AGENCY

21.    At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant HOA, and additionally Defendant PMG as to its agents or employees, occurred within the scope of the actual or apparent authority of such person on behalf of each said Defendant, namely those acts a part hereof by the voting Directors of Defendant HOA and Defendant PMG, by and through Vivian Rodriguez and/or James Harris, property managers.

22.    Said Defendants HOA and PMG are therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

23.    At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee or agent of Defendant HOA and Defendant PMG, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee and/or agent was employed.

Plaintiff's First Amended Original Petition - page 8

24.    Defendants HOA and Defendant PMG are jointly and severally therefore liable to Plaintiff for the acts and/or omissions of any such employee or agent complained of herein under the doctrine of <u>respondeat superior</u>.

25.    Additionally, this shall include acts by Defendant HOA for and as agent for the Plaintiff as an owner by and through the Condominium Declaration and Master Deed and its Bylaws creating this agency relationship with all of the property owners of Quail Run Condominiums.

## DISCRIMINATION

26.    Defendant HOA and Defendant PMG have breached the rules and purposes and design of its own declaration and master deed and bylaws by refusing to enforce the deed restrictions contained therein and for which they are charged with responsibility to enforce fairly throughout the condominiums which they control by allowing Defendant Holbrook to violate the deed restrictions, and additionally, by enforcing these deed restrictions on other owners therein.

Further, Defendants HOA and PMG are discriminatory to the various unit owners, of which Plaintiff is one, allowing some to violate the deed restrictions and others to be prohibited as a breach of contract as mentioned above.

Further, Defendants HOA and PMG have engaged in discriminatory actions with various unit owners, of which Plaintiff is one, on the basis of racial discrimination in allowing Defendant Holbrook to violate the deed restrictions, who is a caucasian, and prohibiting and enforcing the same deed restrictions on others, who were Indian and African American and additionally Plaintiff, who is Hispanic as described herein.  This claim is pursued as a claim of discrimination on the basis of race, color and national origin in violation of state and federal law under the Texas Constitution Article 1., section 3. and 3a. and Title 42 U.S.C. sections 1981, 1982, and 1983 of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, respectively.  Additionally, alternatively and concurrently, this racial discrimination right of action as pled for herein violates the Texas Fair Housing Act, section 301.021(b).

Plaintiff's First Amended Original Petition - page 9

## DAMAGES

27.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants, jointly and singularly, described hereinabove and below:

     (a)     Out-of-pocket expenses in pursuit of this suit.

     (b)     Loss of use of her condominium.

     ©     Loss of the "benefit of the bargain."

     (d)     Diminished or reduced market value of her condominium.

     (e)     Costs of repairs.

     (f)     Reasonable expenses of temporary housing during a period of repair.

     (g)     All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff.

     (h)     Emotional pain and distress.

     (i)     Mental anguish in the past.

     (j)     Mental anguish in the future.

## DAMAGES FOR INTENTIONAL INFLICTION OF MENTAL DISTRESS AND NUISANCE AND PERSONAL INJURY

28.     Plaintiff would further show that the actions of Defendants HOA and Defendant PMG, as identified hereinabove, were committed "knowingly" by Defendant HOA and Defendant PMG in that they had actual awareness of the wrongful actions of Defendant Holbrook and thereafter ratified her actions allowing the violation of the condominium Declaration and Master Deed and Bylaws, which were done "intentionally" with full knowledge of the consequences of damage their actions would cause to Plaintiff.

Further, Defendant HOA and Defendant PMG owed a duty to Plaintiff under the Declaration and Master Deed to protect and manage the condominiums from changes which would disrupt the use and possession of each owner such as Plaintiff causing an owner damages in the quiet enjoyment of his or her condominium and right of full use thereof.

Additionally, Defendant Holbrook as an owner who shared a common area with Plaintiff owed a duty to not make modifications or alterations to her unit which shared or affected Plaintiff's use of her unit as provided under the Declaration and Master Deed section 9.2.

Plaintiff would show the Court that Defendant Holbrook violated this duty to Plaintiff in modifying her flooring, which was part of the shared common area between her and Plaintiff, additionally as confirmed in section 1.16 as a "General Common Element" which flooring is listed in the Declaration and Master Deed as such, and which caused damages to Plaintiff as described below.

Plaintiff would show the Court that the nature of the change to the flooring of Defendant Holbrook's unit by Defendant Holbrook caused an increase in noise levels in and to the unit below which was the Plaintiff's unit for which Plaintiff suffered personal damages therefrom.

Plaintiff would show the Court Defendant HOA and Defendant PMG by allowing Defendant Holbrook's action and refusal to use their power granted them under the condominium Declaration and Master Deed allowed and ratified the actions of Defendant Holbrook and have continuously allowed same to be maintained as a condition which materially affects Plaintiff and causes her personal injury damages. Further, due to Defendant HOA and Defendant PMG knowingly acting to allow this condition to remain have intentionally cause emotional and mental distress to Plaintiff from which she has suffered mental trauma and insomnia when Defendant Holbrook and her guests are present in their unit.

Plaintiff would show the Court that she has suffered from the noise above her in that she has not been able to sleep due to the noise and her quiet enjoyment of her property has been continuously disturbed due to the loud noise that comes from the use by Defendant Holbrook of her unit since her change of the flooring surfaces above the Plaintiff, a condition which continues without change.

Plaintiff would show the Court that all the Defendants, jointly and severally, knew or should have known that the change in the flooring would cause personal injury damages to Plaintiff who resided immediately below Defendant Holbrook, as additionally the Master Deed states the reason

Plaintiff's First Amended Original Petition - page 11

for restricting such change is for the purpose of minimizing increased noise issues as mentioned in Section 9.10.

Further, Plaintiff would show the Court that all Defendants actions were intentionally or recklessly undertaken with knowledge or reason to believe that they would affect and damage Plaintiff and cause her emotional and mental distress. Plaintiff suffered damages for which Plaintiff herein sues.

29.    Further, in this regard as to Defendant Holbrook, her acts were committed "knowingly" and with actual awareness that those actions were in violation of the Declaration and Master Deed and that such acts (alterations) were prohibited for the specific reason that it would change the noise levels in the condominium immediately below her.

Plaintiff would show the Court that the nature of the change in noise levels created a nuisance effectively which increased noise levels between Plaintiff's and Defendant Holbrook's units and this increased noise level affected her ability to sleep and her quiet enjoyment of her condominium property and causes damages and injuries to Plaintiff personally for which she sues.

Further, an occupant of Defendant Holbrook's unit who is granted the right to live in Defendant Holbrook's property above Plaintiff, has engaged in additional actions following Plaintiff's complaints and attempted to intimidate and harass Plaintiff with the stated intentions that Plaintiff move from her unit. Plaintiff believes that Defendant Holbrook has collectively and jointly with Heather, the occupant in her unit above Plaintiff, have engaged in an effort to retaliate against Plaintiff by harassment and attempts to intimidate her to move for which Plaintiff has suffered additional mental anguish both from the noise above as well as the verbal and physical actions a part thereof.

30.    Additionally, Defendants HOA and Defendant PMG have been informed and have chosen to take no action against Defendant Holbrook, or her occupant, and have suggested that Plaintiff move instead of seeking enforcement of the rules of the Declaration and Master Deed.

31.    As a result of such acts, practices and/or omissions of all Defendants as described herein, jointly and severally, which conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Further, Defendants actions in the creation of the condition of the changed flooring and accepting and allowing this condition to continue with its increased noise levels produced to Plaintiff's unit below, caused Plaintiff to suffer a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish related to intentional infliction of mental and/or emotional distress and the tort of nuisance, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court not to exceed $50,000.00. Plaintiff suffered damages for which Plaintiff herein sues.

## EXEMPLARY DAMAGES

32.    Plaintiff would further show that the acts and omissions of all Defendants, jointly and severally, complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of benefitting or enriching said Defendants at the expense and/or injury of Plaintiff. In order to punish said Defendants for such unconscionable, overreaching, and intentional actions against Plaintiff, and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages for recovery requested in paragraph 31. above.

Additionally, exemplary damages may also be awarded for violations of the civil rights discrimination described in paragraph 26. above as well.

## COLLECTIVE DAMAGES SUED FOR

33.    Plaintiff requests that the Court award her aggregate damages for all issues pled for herein that she has suffered from each Defendant named herein, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, not to exceed $125,000.00.

## ATTORNEY'S FEES

34.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause

Plaintiff's First Amended Original Petition - page 13

to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (b) under the civil rights statutes mentioned in paragraph 26. above.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, SUSAN A. TREJO, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Law Office of Vernon L. Witherspoon

By: _____
Vernon L. Witherspoon
Texas Bar No. 21828500
101 N. MacArthur Blvd.
Irving, Texas 75061
Tel. (972) 254-3148
Fax. (972) 253-0611
Attorney for Plaintiff
SUSAN A. TREJO

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Plaintiff's First Amended Original Petition - page 14

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER my hand and seal of said Court, at office
in Dallas, Texas, this _____ day of _____ A.D., 2011

GARY FITZSIMMONS
DALLAS COUNTY DISTRICT CLERK

By _____ Deputy

# EXHIBIT
# 13

**FORM NO. 353-3 - CITATION**

**THE STATE OF TEXAS**

| | **CITATION** |
|---|---|
| | **ATTY** |

To:

PRINCIPAL MANAGEMENT GROUP
BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM
350 N ST PAUL STREET SUITE 2900
DALLAS TX 75201

**DC-11-01390**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being SUSAN A TREJO

Filed in said Court **20th day of September, 2011** against

**COURTNEY HOLBROOK, et al**

For Suit, said suit being numbered DC-11-01390, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office this 26th day of September, 2011.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By_____ Deputy
SACHEEN ANTHONY



**SUSAN A TREJO**
vs.
**COURTNEY HOLBROOK, et al**

ISSUED THIS
**26th day of September, 2011**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: SACHEEN ANTHONY, Deputy

**Attorney for Plaintiff**
Vernon Lee Witherspoon
101 N Macarthur Blvd
Irving Tx 75061
972-254-3148

FEES
PAID

DALLAS COUNTY CONSTABLE
FEES NOT PAID

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20 ___, at _____ o'clock ___.M. Executed

at _____, within the County of _____ at _____ o'clock ___.M.

on the _____ day of _____, 20 ___, by delivering to the within

named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date

of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify

which witness my hand.

```
For serving Citation   $ _____
For mileage            $ _____          of _____ County, _____
For Notary             $ _____          By _____            Deputy
                       (Must be verified if served outside the State of Texas.)
```

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ___

to certify, which witness my hand and seal of office.

_____
Notary Public _____ County

# RETURN OF SERVICE AFFIDAVIT
## CAUSE # DC-11-01390

## STATE OF TEXAS

## COUNTY OF DALLAS

I, Gregory D. Harper make the following representations to the District Court of Dallas County. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.

1.    I am not less than 18 years of age.
2.    I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case
3.    I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
4.    I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Civil Statutes, Civil Remedies Code and all other applicable rules and statutes relating to the service of citations and notices.

CAME TO HAND ON THE __26__ DAY OF __September__ A.D. 20 __11__ , AT __10:00__ O'CLOCK __A__.M. AND EXECUTED BY DELIVERING TO

PRINCIPAL MANAGEMENT GROUP C.T. CORP REG AGENT 350 N. ST.PAUL SUITE 2900 DALLAS,TEXAS 75201..

ON THE __28__ DAY OF __September__ A.D. 20 __11__ , AT __10:05__ O"CLOCK __A__ M., THE WITHIN NAMED DEFENDANT, IN PERSON, A TRUE COPY OF THIS CITATION, TOGETHER WITH A COPY OF ORIGINAL PETITION WITH DATE OF SERVICE MARKED THEREON.

| | | |
|---|---|---|
| SE RV I NG | $ | 80.00 |
| MILEAGE | $ | |
| NOTARY | $ | |
| TOTAL | $ | 80.00 |

By _____
Gregory D. Harper        Authorized Person
Texas Supreme Court ID#: 576

BEFORE ME, the undersigned Notary Public on this day personally appeared Monica Davis known to be the Person whose name is signed to the above affidavit and sworn to me that the representations contained in the above affidavit are true and correct.

Given under my hand and seal of office this __3__ day of __October__ , 2011

J. Benford
Notary Public in and for the State of Texas

```
    T. BENFORD
MY COMMISSION EXPIRES
    July 31, 2015
```

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND and Seal of said Court, at office
in Dallas, Texas, the _____ day of _____ A.D. 20__

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT
# 14

# DOCUMENT UNAVAILABLE
# WILL BE SUPPLEMENTED

# EXHIBIT
# 15

# DOCUMENT UNAVAILABLE
# WILL BE SUPPLEMENTED

# EXHIBIT
# 16

Filed
11 October 21 A11:46
Gary Fitzsimmons
District Clerk
Dallas District

## CAUSE NO. DC-11-01390

| | | |
|---|---|---|
| SUSAN A. TREJO, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| COURTNEY HOLBROOK, QUAIL | § | |
| RUN CONDOMINIUM | § | |
| ASSOCIATION AND QUAIL RUN | § | |
| CONDOMINIUM ASSOCIATION, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT PRINCIPAL MANAGEMENT GROUP'S
## OIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE COURT:

NOW COMES Defendant Principal Management Group ("Defendant" or "PMG") and pursuant to the Texas Rules of Civil Procedure, files this its Original Answer to Plaintiff's First Amended Petition.

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant denies generally and in the singular, each and every, all and singular, the material allegations in Plaintiff's First Amended Petition and requests that Plaintiff be required to prove her claims and allegations against Defendant by a preponderance of the credible evidence as is required by the constitution and laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following affirmative defenses in response to Plaintiff's First Amended Petition:

1.     Plaintiff has failed to state facts sufficient to constitute a cause of action upon which relief can be granted.

2.     In the alternative, without waiver of the foregoing, Plaintiff failed, in whole or in part, to mitigate her damages.

3.     In the alternative, without waiver of the foregoing, Defendant asserts that there is no contract between Defendant and Plaintiff.

4.     In the alternative, without waiver of the foregoing, Defendant asserts that it did not breach any legal duty owed to Plaintiff.  Defendant further asserts that any alleged act or omission by Defendant did not proximately cause any injury to Plaintiff.

5.     In the alternative, without waiver of the foregoing, Defendant made a good faith effort to comply with all relevant statutes, and punitive or exemplary damages are thus unavailable to Plaintiff.

6.     All decisions affecting Plaintiff were done for legitimate, non-discriminatory business reasons.

7.     In the alternative, without waiver of the foregoing, Plaintiff's alleged damages are limited or capped by statute and the due process provisions of the Federal Constitution and the Constitution of the State of Texas.

8.     In the alternative, without waiver of the foregoing, Plaintiff's claims are barred, in whole or in part, because Defendant did not commit any of the acts alleged, did not have the requisite intent or state of mind to commit any of the acts alleged and did not act willfully, recklessly or maliciously.

9.     In the alternative, without waiver of the foregoing, Plaintiff has suffered no actual damages and therefore is not entitled to an award of damages of any sort.

10.     In the alternative, without waiver of the foregoing, Defendant is not liable for punitive damages because no agent of Defendant acted with malice or reckless disregard for the rights of Plaintiff, and any such actions would have been contrary to the good faith efforts of Defendant.

11.     In the alternative, without waiver of the foregoing, Plaintiff is not entitled to the recovery of prejudgment interest or punitive damages, or actual damages, if any, in the future.

12.     In the alternative, without waiver of the foregoing, an award of punitive or exemplary damages on the facts of this case would be unconstitutional.  Any recovery of punitive or exemplary damages by Plaintiff in this civil lawsuit would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, and by Article I, Sections 3, 3a, 10, 13, 15, and 19 of the Texas Constitution.  Any such award of punitive or exemplary damages in this case would amount to nothing less than a denial to Defendant of due process and equal protection of the laws as are guaranteed under both the United States and Texas Constitutions. The imposition of any such punitive or exemplary damages in this lawsuit would also constitute an excessive fine or penalty under Article I, Sections 13 and 19, of the Texas Constitution.

13.     In the alternative, without waiver of the foregoing, Defendant pleads Tex. Civ. Prac. & Rem. Code § 41.008 with respect to the maximum amount of punitive or exemplary damages that may be awarded separately from the amount of other compensatory damages. Specifically, Plaintiff may not obtain an award of punitive or exemplary damages that exceeds an amount equal to the greater of (a) two times the amount of economic damages, plus (b) an amount equal to any non-economic damages found by the jury, not to exceed $750,000.00; or (c) $200,000.00.

14.    In the alternative, without waiver of the foregoing, Defendant pleads that any punitive damages sought by Plaintiff must bear a reasonable relationship to either (1) the degree of reprehensibility involved with Defendant's alleged conduct; (2) the alleged harm; or (3) damages awarded in comparable cases, as required by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589, 1598-99 (1996), and would show that any award of punitive damages is limited by the aforementioned considerations.

15.    In the alternative, without waiver of the foregoing, Defendant pleads that Plaintiff's claims against Defendant PMG are barred by all applicable statute of limitations.

16.    Defendant reserves its right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

### III.
### PRAYER

WHEREFORE, Defendant requests that Plaintiff take nothing by her suit, that judgment be entered awarding Defendant its costs of court, and that Defendant have such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: *Sarah Mitchell*

    Ashley Interrante Scheer
    State Bar No. 00784320
    Sarah D. Mitchell
    State Bar No. 24045792
    901 Main Street, Suite 6000
    Dallas, Texas  75202
    (214) 953-6000
    (214) 953-5822 - Fax
    Email:  ascheer@jw.com
           smitchell@jw.com

**ATTORNEYS FOR DEFENDANT
QUAIL RUN CONDOMINIUM
ASSOCIATION**

### CERTIFICATE OF SERVICE

This is to certify that on this 21st day of October, 2011, I served the foregoing document via certified mail, return receipt requested, upon the following:

Vernon L. Witherspoon
LAW OFFICES OF VERNON L. WITHERSPOON
101 N. McArthur Blvd.
Irving, Texas  75061

*Sarah Mitchell*

Sarah Mitchell