IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SUSAN A. TREJO**, § § Plaintiff, § § v. § § **COURTNEY HOLBROOK, and** § **PRINCIPAL MANAGEMENT GROUP,** § § Defendants, § § **QUAIL RUN CONDOMINIUM** § **ASSOCIATION,** a/k/a Quail Run Condo- § minium Association, Inc., § § Defendant/Counterclaimant. § | Civil Action No. **3:11-CV-2846-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed November 18, 2011. After careful consideration of the motion, parties' briefs, appendices, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.    Background**

Susan A. Trejo ("Plaintiff" or "Trejo") originally filed this action on February 11, 2011, against Courtney Holbrook, Quail Run Condominium Association, and Quail Run Condominium Association, Inc. (collectively, "Defendants") in the 44th Judicial District Court, Dallas County, Texas. Plaintiff's Original Petition asserted only state law claims against Defendants. On September 20, 2011, Trejo filed Plaintiff's First Amended Original Petition (the "Petition") and added Principal Management Group ("PMG") as a defendant. Pl.'s First Am. Pet. 2, ¶ 6. She also

added claims of racial discrimination under federal law pursuant to 42 U.S.C. §§ 1981, 1982, and 1983.  *Id.* at 9, ¶ 26.

On October 21, 2011, Quail Run Condominium Association ("Quail Run") and PMG removed the action to federal court, contending that certain claims in the Petition arise under the laws of the United States and that this court therefore has jurisdiction pursuant to 18 U.S.C. § 1331. Trejo contends that the removal is untimely because Ms. Sarah Mitchell, counsel for Quail Run, "received a draft of Plaintiff's First Amended Petition asserting federal claims by facsimile transmission on September 1, 2011 . . . [but] Defendants did not file their notice of removal until October 21, 2011." Pl.'s Mot. to Remand 1.  According to Plaintiff, since Quail Run could have ascertained that the case was removable on September 1, 2011, the thirty-day deadline to file a notice of removal began to run on that date and expired on October 1, 2011.  Defendants disagree and contend that their notice of removal was filed within the required thirty-day deadline under the statute.  The court agrees.

## II.     Applicable Law

The procedure that a defendant must follow in removing an action from state to federal court is set forth in 28 U.S.C. § 1446. This statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

**Memorandum Opinion and Order - Page 2**

>ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). As Plaintiff's Original Petition, the initial pleading, was not removable based on federal question or diversity jurisdiction, the second paragraph of the quoted statutory passage applies to Plaintiff's Motion to Remand.

### III.     Discussion

To start the removal clock under the second paragraph of section 1446(b), "the information supporting removal in a copy of an amended pleading, motion, order, or other paper must be 'unequivocally clear and certain.'" *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The word "ascertain" means "to make certain, exact or precise" or "to find out or learn with certainty." *Id.* (quoting Webster's Ninth New Collegiate Dictionary 1077 (1990)).

Plaintiff's argument is fundamentally flawed. She acknowledges that Quail Run received a "draft" of the Petition on September 1, 2011. A "draft" by definition is not a final document. A "draft" in the context of a document means "a preliminary sketch, outline, or version." Merriam-Webster's Collegiate Dictionary 377 (11th ed. 2004). As such, it is subject to change and revision.

Given that the Petition underwent several drafts prior to the one submitted on September 1, 2011, the changes created uncertainty as to the finality of the document. Quail Run did not know whether the draft sent on September 1, 2011, would undergo further change or modification. In this context, the court simply cannot say that the draft received by Defendants' counsel on September 1, 2011, made it "unequivocally clear and certain" that the thirty-day removal clock would commence to run. Draft documents, at most, initially contemplate what a party plans to do or execute; however, until a pleading is finalized, filed, and served, it does nothing to make

"unequivocally clear and certain" that the time for a defendant to exercise its right to remove has commenced to run.  In the context of this case, the court holds, as a matter of law, that a draft, because of its lack of finality and certainty, cannot serve as the basis for ascertaining when a case is or has become removable.

Regardless of the September 1, 2011 date on which Plaintiff's counsel faxed to Quail Run's counsel the draft of what is now the Petition, such date is quite beside the point.  This is so because a party is not obligated to act on the basis of what was then a draft document, as such document is not certain and final, and therefore does not start the running of the removal clock for a defendant. Such uncertainty and lack of finality put a defendant in the untenable position of having to wade into a briar patch of guesswork to determine whether a case is removable.  Further, requiring information in a document to be "unequivocally clear and certain" necessarily "reduces 'protective' removals by defendants faced with an equivocal record."  *Bosky*, 288 F.3d at 212.

In this case, had Quail Run removed on the basis of an unfiled draft pleading, most assuredly, Plaintiff would have moved to remand because the "live" pleading (Plaintiff's Original Petition) in the record contained no allegation or basis to support federal jurisdiction.  Had this occurred, the court would have granted the motion to remand because it would have lacked subject matter jurisdiction over the action.  A draft amended pleading does not supersede or take the place of an existing pleading on file.  The draft pleading supersedes the existing pleading only after it has been filed.  Moreover, even if Plaintiff did not file a motion to remand under such a scenario, the court would have remanded *sua sponte* for lack of subject matter jurisdiction.

Quail Run received a copy of the filed version of the Petition on September 22, 2011.[*]  The court determines that once the Petition was filed and received by Quail Run, such filing and receipt made it "unequivocally clear and certain" that the thirty-day removal period commenced to run, because this is the date that Defendants were first able to ascertain that the case had become removable by the addition of the federal claims in the Petition.  As the notice of removal was filed on October 21, 2011, the notice was timely filed within thirty days of the time it was received and Defendants first ascertained that the case was removable.

## IV.   Conclusion

For the reasons stated herein, the court determines that this action was timely removed within thirty days as provided by the second paragraph of 28 U.S.C. § 1446(b).  Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 6th day of January, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] Plaintiff does not contest the date Quail Run received the filed version of the Petition.

**Memorandum Opinion and Order - Page 5**